UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DEAN'S CARDS LLC** | : | Case No. 1:13 CV 912 |
| | : | |
| Plaintiff, | : | Judge: Karen L. Litkovitz |
| | : | |
| v. | : | |
| | : | |
| **HAROLD PERLSTEIN** | : | **PROPOSED STIPULATED** |
| | : | **PROTECTIVE ORDER** |
| Defendant | : | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Dean's Cards, LLC and Defendant Harold Perlstein, by and through their respective counsel, subject to approval by the Court, hereby agree as stated herein on conditions for the production of all confidential information. The parties and their counsel further have agreed that their agreement may be entered by the Court as its Order.

1. <u>"Confidential Material"</u> as used in this Protective Order means documents and information (including deposition testimony) produced by any party or witness in the course of discovery which consists of and/or includes Plaintiff's confidential or proprietary business and financial information, Defendant's financial and personal information, and all other information designated by the producing party as confidential. Designation of confidentiality shall be made on documents by marking on the face of each page of each such document the words "CONFIDENTIAL" or "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER," or by so designating a file, box or electronic device containing such documents. Any such documents already

1

produced shall be automatically deemed confidential material without further designation. Duplicate copies of documents or transcripts so designated shall be deemed confidential. Designation of confidentiality shall be made with regard to deposition testimony by a statement on the record or by subsequent correspondence to opposing counsel within twenty-one (21) days of receipt of the transcript or entry of this Order, whichever is later. Such designation must identify with reasonable particularity the testimony that is to be designated as confidential.

2. This Protective Order does not restrict the parties as to the procedures to be employed at trial for handling Confidential Material, such proceedings remaining subject to further order, nor does it affect any party's right to assert that *in camera* review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be employed at hearing regarding Confidential Material.

3. The provisions of this Order shall not affect the admissibility of evidence or any objections to same at trial or in any other proceedings in Court except as may be provided by separate Order or agreement. In addition, nothing herein shall be construed as making any particular information or document discoverable in this action which might otherwise be objectionable.

4. All Confidential Material provided by any party or witness shall be used solely for the prosecution or defense of this action and shall not be disclosed in any manner to anyone other than the parties or the law firms of record for the parties herein and legal assistants or other regular law firm employees who are involved in the prosecution or defense of this action. Counsel shall instruct all such persons to

themselves maintain the confidentiality of Confidential Material pursuant to the terms of this Protective Order, and shall furnish to all such persons a copy of this Order.

5. Although this Protective Order itself does not authorize filing protected materials under seal without permission of the Court, the parties and their counsel agree that they will cooperate to take all measures necessary to obtain the Court's permission to file Depositions, Exhibits or Pleadings containing Confidential Materials under seal. In the event that Plaintiff or Defendant intends to include any document or information designated as "Confidential" or "Subject to Protective Order" in any filing with the Court, counsel for such party shall serve on all parties, a notice that the documents are, or are claimed to be, subject to this Protective Order, at least fourteen (14) days prior to filing or submitting such documents to the Clerk. Any party may move that any document intended to be filed or submitted to the Court be sealed from public view. The motion may be granted upon a determination by the Court that good cause exists. Parties shall not file under seal any motion, memorandum, or other brief in its entirety. To the extent that a motion, memorandum, or brief to the Court contains any "Confidential" or "Subject to Protective Order" material, a party may move that the document be filed in redacted form, redacting only the "Confidential" or "Subject to Protective Order" material, and that the unredacted version be filed under seal. Any folder, envelope or other device used to seal such documents shall bear the notation "DOCUMENTS UNDER SEAL" and any other information required by S.D. Ohio Civ. R. 79.3(b). Thereafter, the Clerk shall maintain such documents under seal in accordance with the provisions of this Protective Order. In the event that any such document or information is the subject of witness examination at a deposition, hearing,

trial or other proceeding held in connection with this case, it shall be noted on the record that all examination and testimony pertaining thereto shall be considered confidential and the pages of any transcript thereof so designated. Any such "Confidential" or "Subject to Protective Order" material filed under seal shall be accessible to the Court, Plaintiff, Plaintiff's Counsel of Record, Defendant and Defendant's Counsel of Record.

6. Upon final disposition of this Action, all Confidential Materials produced pursuant to this Protective Order and all copies, excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), except for such material which has become part of the record in this action, shall be returned or destroyed as agreed at that time by the person producing the material.

The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this order. It is specifically ordered by the Court that production of the Confidential Material is not deemed a waiver of the privileged status of the material.

**IT IS SO ORDERED.**

Date: 7/16/14

Karen L. Litkovitz, Magistrate Judge,
United States District Court

Respectfully submitted,

| | |
|---|---|
| /s/ Theodore C. Copetas<br>Theodore C. Copetas (0068419)<br>David A. Eberly (0067007)<br>Eberly McMahon LLC<br>2321 Kemper Lane, Suite 100<br>Cincinnati, OH 45206<br>513.533.9898<br>513.533.3554 FAX<br>tcopetas@emh-law.com<br>deberly@emh-law.com<br><br>Attorneys for Plaintiff | /s/ Sandor W. Sternberg<br>Sandor W. Sternberg (0000430)<br>56 Milford Drive, Suite 310<br>Hudson, Ohio 44236<br>330.656.0975<br>Fax: (330) 656.0974<br>swsternberg@windstream.net<br><br>Attorney for Defendant |
| | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record through the Court's electronic filing system this 8th day of July 2014.

/s/ Theodore C. Copetas