UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEAN'S CARDS LLC,
    Plaintiff,

vs.

HAROLD PERLSTEIN,
    Defendant.

Case No. 1:13-cv-912

Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff Dean's Cards, LLC's (Dean's Cards) motion for sanctions (Doc. 23), defendant Harold Perlstein's (Perlstein) response in opposition (Doc. 33), and Dean's Cards' reply memorandum (Doc. 36).

Dean's Cards initiated this action in December 2013, alleging a federal claim of violations of The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and state law claims of tortious interference with business relationships, misappropriation of trade secrets, and conversion. (Doc. 1). On February 12, 2014, Perlstein moved for summary judgment, asserting that he was entitled to summary judgment as a matter of law because Dean's Cards' claims are compulsory counterclaims that should have been filed in a prior state court action brought by Perlstein against Dean's Cards. (Doc. 8). District Judge Sandra Beckwith[1] denied Perlstein's motion as follows:

> Ohio Civil Rule 13(A) governs compulsory counterclaims, and states in pertinent part: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...". The doctrines of res judicata and issue preclusion apply to claims and defenses, as well as compulsory counterclaims. Ohio res judicata law bars subsequent actions by the same parties based upon any claim "arising out of a transaction that was the subject matter of a previous action." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 61 (2007) (citation omitted). Four

---

[1] The parties subsequently consented to have the undersigned Magistrate Judge preside over this matter. (Doc. 19).

> factors should be present in order to preclude a subsequent action: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) (citation omitted).
>
> In this case, there was no final, valid decision by any court on Perlstein's complaint. But more importantly, the claims raised by Dean's Cards in this case were not litigated in Perlstein's lawsuit because Perlstein voluntarily dismissed his case before any pleading was due to be filed by Dean's Cards. Rule 13(A) clearly states that a party must assert its claims "at the time of serving the pleading." Dean's Cards never served a pleading or was required to serve a pleading in Perlstein's state court lawsuit, and it was Perlstein's voluntary decision to dismiss his case that terminated the case before a pleading was due. Under Perlstein's logic, a plaintiff could file a lawsuit, dismiss it before a responsive pleading is due, and later argue that all claims asserted in a later action against him are barred. This is a plainly improper application of res judicata and issue preclusion.
>
> Whether or not the claims raised in this case are properly considered to be compulsory counterclaims to Perlstein's breach of contract claim (or to his libel/slander claim) is irrelevant to the pending motion, because the prior case was dismissed before a pleading was due. Perlstein's motion for summary judgment (Doc. 8) is therefore denied.

(Doc. 13 at 3-5).

Dean's Cards now moves for sanctions pursuant to 28 U.S.C. § 1927 in the amount of its attorneys' fees incurred in responding to Perlstein's motion for summary judgment and in filing the instant motion. (Doc. 23 at 2). Dean's Cards asserts that the summary judgment motion "was so utterly lacking in merit that it can only have been filed in bad faith and with no purpose other than to cause delay" and drive up its attorneys' fees. (*Id.*).

Perlstein, in opposition, contends that the imposition of § 1927 sanctions is improper because his motion for summary judgment was the result of his counsel's zealous advocacy and not a bad faith attempt to needlessly increase Dean's Cards' attorneys' fees. Perlstein further asserts that the mere fact that he filed a summary judgment motion without further evidence of bad faith conduct is not a

2

sufficient basis to impose sanctions. Perlstein thus requests that the Court deny Dean's Cards' motion. (Doc. 33).

In its reply memorandum, Dean's Cards reiterates that § 1927 sanctions may be imposed in the absence of a showing of bad faith. Dean's Cards counters Perlstein's argument that the filing of a solitary motion does not warrant imposing § 1927 sanctions by citing to two Eastern District of Michigan decisions: *Bond v. U.S. Mfg. Corp.*, No. 09-11699, 2011 WL 1193385 (E.D. Mich. Mar. 29, 2011) and *Rasmussen v. Fleetwood Enters.*, No. 06-cv-13883, 2007 WL 1106138 (E.D. Mich. Apr. 10, 2007). Dean's Card further asserts Perlstein unnecessarily delayed this matter by seeking an extension of time to respond to the complaint and then refusing to partake in a Rule 26(f) conference, and thus delaying discovery, while the summary judgment motion was pending. Dean's Cards also argues that Perlstein's counsel's conduct in the prior state action and in filing the currently pending motion to join involuntary plaintiffs (Doc. 32), demonstrates counsel's intent to frustrate the instant litigation such that sanctions are appropriate. (Doc. 36).

Section 1927 governs an attorney's liability for excessive costs and provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 sanctions are appropriate when counsel 'objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Milner v. Biggs*, No. 13-3486, 2014 WL 1910550, at *3 (6th Cir. May 13, 2014) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)). "An award of fees under § 1927 requires a showing of 'more than negligence or incompetence' but 'less than subjective bad faith.'" *Id.* (quoting *Hall v. Liberty Life Assurance. Co.*

3

*of Boston*, 595 F.3d 270, 276 (6th Cir. 2010)). "The purpose of a sanctions award under this provision is to deter and punish those who abuse the judicial process, not to compensate the moving party." *Id.* (internal citations and quotations omitted).

The Court finds that the conduct of Perlstein's counsel in this matter does not warrant sanctions under 28 U.S.C. § 1927. The statute requires a showing that counsel acted "unreasonably and vexatiously" in multiplying the proceedings and requires more than mere negligence or incompetence. 28 U.S.C. § 1927. The instant record does not clearly establish such culpable conduct on behalf of Perlstein's counsel. While Dean's Cards maintains that the lack of merit to Perlstein's summary judgment motion is, taken alone, a sufficient basis to warrant imposing sanctions, the undersigned disagrees. Notably, the cases cited by Dean's Cards do not support sanctioning defense counsel solely on the basis of filing a summary judgment motion that was not well-taken. For example, in *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp.2d 347 (S.D.N.Y. 2002), the district court imposed § 1927 sanctions on defendants not because they filed a summary judgment motion, but because they did so on the eve of the pre-trial conference and, further, because they had previously engaged in improper litigation tactics such as attempting to amend their answer without seeking leave of court. *See id.* at 357-58. There is no history of such bad faith litigation attempts on behalf of defense counsel in the instant matter. The cases cited by Dean's Cards in its reply memorandum are similarly distinguishable such that they do not support imposing sanctions in the instant matter. In *Bond*, the District Court imposed § 1927 sanctions on plaintiff's counsel because, *inter alia*, the evidence presented by defendant at summary judgment "was so wholly one-sided, and the law so decidedly against [p]laintiff's position, that no reasonable attorney could have opposed them." *Bond*, 2011 WL 1193385, at *4-5. The *Bond* court imposed sanctions after nearly two years of

4

litigation, at the closure of the discovery period, and in the face of plaintiff's counsel's motion to reconsider the grant of summary judgment in defendant's favor. In contrast, this matter has been pending for approximately seven months: discovery is not set to close for another five months and there has been relatively little motion practice. While it may have been prudent for Perlstein's counsel to have more thoroughly vetted the arguments raised in the summary judgment motion, his failure to do so, under the instant circumstances, is not sanctionable. Insofar as Dean's Cards cites to plaintiff's counsel's conduct in the state case as support for imposing sanctions, this argument is not well-taken. Section 1927 is a federal statute governing the imposition of sanctions for improper conduct in federal cases. Counsel's prior litigation conduct in the state court matter is both irrelevant to the instant determination and is a matter for the Ohio state court's consideration.

For these reasons, Dean's Cards' motion for sanctions (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

Date: 7/31/14

Karen L. Litkovitz
United States Magistrate Judge